**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03765-NYW

JOSE MIGUEL CONTRERAS POSADA,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity,
GEORGE VALDEZ, in his official capacity,[1]
TODD BLANCHE, in his official capacity, and
JUAN BALTASAR, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter comes before the Court on the Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 5], and Petitioner has replied, [Doc. 9]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

## BACKGROUND

Petitioner Jose Miguel Contreras Posada ("Petitioner" or "Mr. Contreras Posada") is a citizen of El Salvador who entered the United States in or around September 2004. [Doc. 1 at ¶ 42]. On December 1, 2025, Mr. Contreras Posada was detained by ICE, and he remains detained at the ICE Denver Contract Facility in Aurora, Colorado. [*Id.* at ¶¶ 45, 72]. On January 5, 2026, "Petitioner was provided a bond hearing under 8 U.S.C.

---

[1] Under Rule 25(d), George Valdez is automatically substituted as a Respondent as the current officeholder.

§ 1226(a), at which he bore the initial burden of proof" to show that he is not a flight risk or a danger to society. [*Id.* at ¶ 46]. The immigration judge denied bond. [*Id.*; Doc. 1-1 at 1 ("Denied, because did not establish not a flight risk [sic].")].

Petitioner asserts three claims in this case: (1) a claim under 8 U.S.C. § 1226(a) arguing that he is statutorily entitled to a bond hearing in which the Government bears the burden of proof, [*id.* at ¶¶ 57–59]; (2) a claim under the Due Process Clause arguing that his due process rights were violated when the evidentiary burden was placed on him at his bond hearing, [*id.* at ¶¶ 60–65]; and (3) a claim arguing that his detention beyond six months violates his substantive and procedural due process rights, [*id.* at ¶¶ 66–76].

In their Response, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 5 at 1]. They "recognize that the Court may then decide to grant the Petition and award appropriate relief." [*Id.* at 1–2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

By not substantively responding to the Petition and arguing that "appropriate relief" would be a bond hearing under 8 U.S.C. § 1226(a), *see* [Doc. 5 at 1–2], Respondents effectively concede that Petitioner is currently detained under § 1226(a). This section "sets forth 'the default rule' for detaining noncitizens 'already present in the United States,'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)), and establishes a discretionary framework for the detention of noncitizens pending removal proceedings, *see* 8 U.S.C. § 1226(a)(1)–(2).

The narrow question before the Court is whether Petitioner's due process rights were violated when, at the bond hearing under § 1226(a), the immigration judge placed the burden on Petitioner to show that he is neither a flight risk nor a danger to the community. Petitioner argues that his rights were so violated. [Doc. 1 at ¶¶ 61–65]. Respondents do not contest this position, *see* [Doc. 5], and they have thus waived any argument in opposition, *see Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted)); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly

declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

Courts determine "the type of process required in a given case" using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018)). Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest affected by the Government action—Petitioner's freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of placing the burden at the bond hearing on the Government. *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *3 (D. Colo. May 12, 2026).

The second factor also weighs in Mr. Contreras Posada's favor. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a

practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States*, 364 U.S. 206, 218 (1960)); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern."). This is especially true where the detained noncitizen lacks access to relevant records or evidence or may not be represented by counsel. *Kuzmic*, 2026 WL 1291853, at *3–4. Placing the burden on Petitioner to prove two negatives necessarily puts him "behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara*, 10 F.4th at 31.

Finally, the Court must consider the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens that would result from placing the burden on the Government at Petitioner's § 1226(a) bond hearing. *See* [Doc. 5]. And since the Tenth Circuit has made clear that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)," *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026), "any additional costs from shifting the burden of proof to the Government seem negligible," *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025); *see also Alfaro Herrera*, 2026 WL 91470, at *11 (recognizing that "it is likely that a government attorney would attend any bond hearing and prepare and marshal evidence of any possible danger or flight risk, regardless of which party bore the burden," and "[r]equiring that the government

affirmatively present its position and evidence is unlikely to change that"). This factor weighs in Petitioner's favor.

Upon review of the *Mathews* factors, the Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing.[2] Because the immigration judge erroneously placed the burden on Petitioner, he is entitled to a new bond hearing under § 1226(a) at which the Government bears the burden to justify Mr. Contreras Posada's continued detention by clear and convincing evidence.[3] *See*

---

[2] A number of other Courts in this District have reached similar conclusions. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez, J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Kuzmic*, 2026 WL 1291853, at *2 (Chung, M.J.) (holding that "the government bears the burden at such a hearing of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence"); *see also Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up));

[3] Petitioner requests that the Court order his immediate release from custody. [Doc. 1 at 24]. This request is not accompanied by supporting argument. *See generally* [*id.*]. The Court acknowledges that Petitioner raises a prolonged detention claim, *see* [Doc. 1 at ¶¶ 66–76], but to the extent Petitioner references *Zadvydas*, it is not clear to the Court that *Zadvydas* applies where the petitioner has not yet been given a final order of removal. *See Thiam v. Hildebrand*, No. 1:26-cv-00610, 2026 WL 863834, at *4 (N.D. Ohio Mar. 30, 2026) ("*Zadvydas* does not apply before entry of a final order of removal."). Moreover, to the extent Petitioner raises arguments under *Singh v. Choate*, No. 19-cv-00909-KLM, 2019 WL 3943960 (D. Colo. Aug. 21, 2019), *see, e.g.*, [Doc. 1 at ¶ 69], it is not clear whether the *Singh* factors apply to detention under § 1226(a), and the Court may not act as Petitioner's advocate and advance arguments on his behalf, *see United States v. Davis,* 622 Fed. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."). Accordingly, the Court finds that immediate release is not appropriate based on the authority current presented to it, but instead orders that Petitioner receive a constitutionally adequate bond hearing

*Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("[T]he clear and convincing standard that generally 'applies to civil detention where liberty is at stake' is appropriate here." (quoting *L.G.*, 744 F.Supp.3d at 1186)); *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (this Court agreeing with cases finding the clear and convincing evidence standard appropriate in bond hearing under § 1226(a)); *cf. Santillan Quiroz*, 180 F.4th at 1249 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. . . . If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" (quoting *Zadvydas*, 533 U.S. at 690)).

Accordingly, the Petition is **GRANTED in part** with respect to Petitioner's second claim. It is **ORDERED** that, on or before **September 16, 2026**, Respondents shall provide Petitioner a bond hearing under § 1226(a). **At the bond hearing, the Government must show by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community. If Petitioner is not provided a bond hearing by that date, Respondents shall immediately release Petitioner from custody.** On or before **September 23, 2026**, the Parties shall file a joint status report addressing (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

---

at which the Government bears the burden to justify Petitioner's detention by clear and convincing evidence.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2) Respondents shall provide Petitioner a bond hearing no later than **September 16, 2026. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3) On or before **September 23, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: September 9, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge