**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03765-NYW

JOSE MIGUEL CONTRERAS POSADA,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity,
GEORGE VALDEZ, in his official capacity,
TODD BLANCHE, in his official capacity, and
JUAN BALTASAR, in his official capacity,

Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner's Motion to Enforce (or "Motion"). [Doc. 13]. Respondents have responded to the Motion, [Doc. 14], and Petitioner has replied, [Doc. 15]. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Petitioner Jose Miguel Contreras Posada ("Petitioner" or "Mr. Contreras Posada") is a citizen of El Salvador who entered the United States in or around September 2004. [Doc. 1 at ¶ 42]. On December 1, 2025, Mr. Contreras Posada was detained by ICE. [*Id.* at ¶¶ 45, 72]. On January 5, 2026, "Petitioner was provided a bond hearing under 8 U.S.C. § 1226(a), at which he bore the initial burden of proof" to show that he is not a flight risk or a danger to society. [*Id.* at ¶ 46]. The immigration judge (or "IJ") denied bond. [*Id.*; Doc. 1-1 at 1 ("Denied, because did not establish not a flight risk [sic].")].

On September 9, 2026, this Court determined that Petitioner's due process rights

were violated when the IJ placed the burden on him at his bond hearing. [Doc. 10 at 6]. The Court ordered Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a), at which "the Government must show by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community." [*Id.* at 7 (emphasis omitted)].

A bond hearing was held on September 16, 2026. [Doc. 13-1 at 1]. The IJ denied bond upon concluding that Mr. Contreras Posada is a flight risk. [*Id.* at 2]. In her explanation, she stated:

> The Court finds that DHS established [Petitioner] is a significant flight risk and the risk could not be mitigated through the setting of a bond. DHS established that on June 19, 2026, [Petitioner]'s sole form of relief before the Immigration Court, an application for cancellation of removal, was denied and he was granted voluntary departure. [Petitioner] appealed that decision and to date his appeal remains pending with the Board of Immigration Appeals. Acknowledging the pending appeal, because [Petitioner]'s sole application for relief that would allow him to remain in the United States has been denied, the Court finds he presents a significant flight risk. The Court also considered [Petitioner]'s evidence of a sponsor, income tax filings, fixed address, and community and family ties in the United States. However, even upon weighing all relevant flight risk factors the Court finds that having his application for relief denied renders him a significant flight risk that is not mitigated by the pending appeal or any potential bond amount.

[*Id.* (citation omitted)].

Petitioner argues that the IJ failed to apply properly the clear-and-convincing evidence standard. [Doc. 13 at 4–6]. Mr. Contreras Posada argues, inter alia, that the "IJ rests her entire decision on a single fact and exhibit"—that "Petitioner's core immigration matter is currently on appeal to the BIA." [*Id.* at 6]. Petitioner contends that because the IJ provided no analysis or explanation for why this demonstrates a flight risk, she failed to comply with the Court's order. [*Id.* at 6–7].

Respondents do not contest this position, stating instead that he "is not submitting a brief in opposition to the Motion," so they "recognize that the Court may then decide to grant the Motion and award appropriate relief." [Doc. 14 at 1]. Respondents assert that if the Court grants the Motion to enforce, "the Court should issue an order that grants immediate release." [*Id.*].

**ANALYSIS**

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). In this Order,

the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026).

"[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183 (M.D. Ga. 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Mr. Contreras Posada argues that the IJ's order violates his due process rights, [Doc. 13 at 7], and the Court agrees. In her bond decision, the IJ concluded that Petitioner is a flight risk because Petitioner's application for cancellation of removal was denied. [Doc. 13-1 at 2]. This line of reasoning, however, "would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials." *Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2 (D. Colo.

July 17, 2026). "The existence of a removal order does not obviate the IJ's obligation to make an individualized determination," *Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026), and by relying on the mere fact that Mr. Contreras Posada is in removal proceedings—and indeed, has an appeal pending before the BIA—the IJ created "a categorical presumption of flight risk, which is the opposite of an individualized assessment," *D.Y.E.H.*, 839 F. Supp. 3d at 1183–84. The IJ's categorical approach does not comply with due process requirements. *See de Souza Almeida*, 2026 WL 2943125, at *3 (recognizing that "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not" meet due process requirements (cleaned up)).

"Although an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up). Here, the IJ referenced Petitioner's "evidence of a sponsor, income tax filings, fixed address, and community and family ties in the United States," but she failed to provide any explanation as to how these factors did not overcome the fact that Mr. Contreras Posada is in removal proceedings. [Doc. 13-1 at 2]. Instead, the IJ relief on what is essentially a presumption of flight risk that could be assigned to a great number of immigration detainees, which "indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368; *see also Farias-Ortega*, 2026 WL 2671677, at *4 (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk

based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances").

Because the IJ did not make the individualized determination that due process requires, the Motion to Enforce is **GRANTED**. And because the Parties agree that immediate release is the appropriate remedy, [Doc. 13 at 7; Doc. 14 at 1], it is **ORDERED** that Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. On or before **October 30, 2026**, the Parties shall file a status report confirming Petitioner's release from custody and indicating whether any further proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce [Doc. 13] is **GRANTED**;

(2) Respondents **SHALL RELEASE** Mr. Contreras Posada within **48 hours** of the entry of this Order;

(3) On or before **October 30, 2026**, the Parties shall file a joint status report confirming Petitioner's release and informing the Court whether further proceedings are required in this case.

DATED: October 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge